66 F.3d 326
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Douglas William HANNA, Petitioner-Appellant,
v.
John JABE, Respondent-Appellee.
 No. 94-2296.
 United States Court of Appeals, Sixth Circuit.
 Sept. 20, 1995.
 
 BEFORE: MILBURN, GUY and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Douglas William Hanna, a Michigan prisoner represented by counsel, appeals a district court order dismissing his petition for habeas relief filed pursuant to 28 U.S.C. Sec. 2254. The parties have expressly waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 In 1989, a jury convicted Hanna of first degree murder and felony firearm. He was sentenced to life on the murder conviction and two years of imprisonment on the felony firearm conviction. After exhausting his available state court remedies, Hanna filed his habeas petition raising nine claims for relief. Subsequently, Hanna amended his petition raising only three claims. Hanna challenged his conviction contending that: 1) the trial court erred in not allowing him to introduce exculpatory evidence; 2) there was insufficient evidence to support the conviction; and 3) the prosecution engaged in misconduct during closing arguments. Upon de novo review of a magistrate judge's report and over Hanna's objections, the district court dismissed the petition as meritless. In his timely appeal, Hanna continues to argue the merits of his petition.
 
 
 3
 The district court properly denied Hanna's petition for habeas relief because Hanna has not shown that he received a fundamentally unfair trial resulting in his unjust confinement. Wright v. Dallman, 999 F.2d 174, 178 (6th Cir.1993).
 
 
 4
 Hanna's evidentiary argument is not reviewable. Hanna contends that the trial court abused its discretion by requiring Hanna to produce expert testimony to qualify a neutron activation analysis. Hanna contends that the trial court and Michigan appellate courts should have taken judicial notice of the validity of the analysis and should not have required expert testimony. The Michigan Court of Appeals held as a matter of state law that the state courts of Michigan do not accept this test as a reliable scientific procedure. In federal habeas corpus proceedings, this court's review of state court evidentiary rulings is extremely limited. Waters v. Kassulke, 916 F.2d 329, 335 (6th Cir.1990). An issue concerning the admissibility of evidence does not rise to a level of constitutional magnitude unless it can be viewed as so egregious that the petitioner was denied a fundamentally fair trial. See Cooper v. Sowders, 837 F.2d 284, 286 (6th Cir.1988). Additionally, the rulings of a state's highest court with respect to issues of state law are binding on federal courts. Wainwright v. Goode, 464 U.S. 78, 84 (1983) (per curiam). Given that the trial court gave Hanna the opportunity to present expert testimony to verify the veracity of the analysis and Hanna failed to do so, the ruling was not so egregious as to deny Hanna a fundamentally fair trial.
 
 
 5
 Hanna contends that there was insufficient evidence to support the jury's conviction. A conviction will not be disturbed on grounds of insufficient evidence if, after viewing the evidence in the light most favorable to the government, an appellate court concludes that a rational trier of fact could have found the essential elements of a crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). This standard applies whether the evidence is direct or circumstantial, Holland v. United States, 348 U.S. 121, 139-40 (1954), and it is not necessary that the circumstantial evidence remove every reasonable hypothesis except that of guilt. United States v. Vannerson, 786 F.2d 221, 225 (6th Cir.), cert. denied, 476 U.S. 1123 (1986). The evidence, seen in the light most favorable to the prosecution, shows that a rational trier of fact could have found that Hanna committed the crime of first degree murder. The argument is without merit.
 
 
 6
 Finally, Hanna contends that the prosecution engaged in misconduct. Prosecutorial misconduct must be so egregious as to deny a petitioner a fundamentally fair trial before habeas relief becomes available. See Donnelly v. DeChristoforo, 416 U.S. 637, 644-45 (1974); Martin v. Foltz, 773 F.2d 711, 716-17 (6th Cir.1985), cert. denied, 478 U.S. 1021 (1986). The harmless error standard applies to claims of prosecutorial misconduct. See Johnson v. Burke, 903 F.2d 1056, 1062 (6th Cir.), cert. denied, 498 U.S. 865 (1990). The prosecution's comment concerning the missing rifle during closing arguments did not improperly shift the burden of proof to Hanna. The missing rifle was a crucial issue in the trial. Given the importance of the missing rifle to this case, the prosecution's comment did not render Hanna's trial fundamentally unfair.
 
 
 7
 Accordingly, we affirm the district court's order.